# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JAS PARTNERS, LTD. and <br> JAMES A. SIMON, <br><br> Appellants, <br><br> v. <br><br> WAYNE SHIVE, THOMAS M. SHOAFF, <br> WILLIAM CAST, and R. DAVID BOYER, <br><br> Appellees. | ) <br> ) <br> ) <br> ) <br> ) Civil No. 1:10-CV-55 JVB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

November 2009 was a busy month for Appellants' counsel, Robert Nicholson. Mr. Nicholson left his previous law firm, became a Partner at another firm, and celebrated a Thanksgiving holiday, all while advocating for his clients, including Mr. Simon and JAS Partners, Inc. (collectively "Simon and JAS"). In the midst of this flurry of commotion, Mr. Nicholson failed to timely object to a settlement agreement between the Trustee and certain other creditors in this bankruptcy case. Mr. Nicholson subsequently filed the belated objections along with a motion for an enlargement of time to file the objections.

On December 23, 2009, the bankruptcy court denied Mr. Nicholson's motion for an enlargement of time and approved the settlement agreement, thus allowing certain creditors' claims and a partial distribution of secured assets from the bankruptcy estate. Mr. Nicholson, on behalf of his clients, now appeals the bankruptcy judge's order contending that the bankruptcy court abused its discretion when it denied the request for an enlargement of time and approved the settlement agreement.

This Court holds that the bankruptcy court did not abuse its discretion in denying the motion for an enlargement of time to file the objections. Mr. Nicholson was aware of the final date on which he could file objections and requested the enlargement of time after this deadline. Moreover, Mr. Nicholson happened to be present at a hearing before the bankruptcy judge on the date the objections were due and was informed by the court that the objections at issue had not yet been filed. This Court also finds that the bankruptcy court did not abuse its discretion in approving the compromise and the distribution of assets. For the reasons stated below, the Court affirms the December 23, 2009, Order of the bankruptcy court.

**A.      Facts and Proceedings in Bankruptcy Court**

On May 3, 2005, an involuntary bankruptcy case was commenced against the Debtor, Fort Wayne Telsat, Inc., in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division. (R. at 273, 325, 377, Mots. to Approve Distrib. to Shoaff Group, at ¶1). On October 5, 2005, the bankruptcy court converted the bankruptcy case to Chapter 7 and appointed David Boyer as Trustee. (R. at 273, 325, 377, Mots. to Approve Distrib. to Shoaff Group, at ¶1).

On November 10, 2009, the Trustee filed six motions to settle certain claims with three creditors: Thomas Shoaff, Wayne Shive, and William Cast (collectively, "the Shoaff Group"). (*See* R. at 273, 325, 377, Mots. to Approve Distrib. to Shoaff Group; R. at 277, 329, Mots. to Approve Compromise with Shoaff & Cast).[1] These motions included three applications to approve compromises with, and three motions to approve distributions to, the Shoaff Group. (DE 7, Joint Br. of Appellees at 2). Two motions were filed for each of the three Shoaff Group

---

[1]     The Motion to Approve Compromise with creditor William Shive was not transferred to this Court. *See* R. at 463, Notice of Transmittal (noting only the transmittal of the motions to approve compromises with Thomas Shoaff and William Cast).

members, resulting in six filings. (*Id.*) Each motion was served with a notice explaining that objections to the motions were due by November 30, 2009. (*Id.*)

On November 30, 2009, the Trustee, the Shoaff Group, and Mr. Nicholson, on behalf of his clients Simon and JAS, attended a hearing before the bankruptcy court to address a related motion. (*Id.* at 2–3). Simon and JAS were also creditors of the Debtor, but were not part of the Shoaff Group. At the hearing, Mr. Nicholson informed the court that he had just filed objections to the Trustee's motions. (*Id.*; *see also* R. at 451, Hr'g Tr. *In re Fort Wayne Telsat*, No. 05-12177 (Bankr. N.D. Ind. Dec. 22, 2009)). The bankruptcy judge reviewed the docket at the bench and informed Mr. Nicholson that no objections had been filed. (DE 7, Joint Br. of Appellees at 2–3). The bankruptcy judge encouraged Mr. Nicholson to return to his office to get them filed. (*Id.*) The objections were not filed on November 30, 2009; rather, they were filed on December 1, 2009. (R. at 381–98, Objections).

In addition to filing the objections, Simon and JAS also filed a motion for an enlargement of time to file the objections on December 1, 2009. (R. at 399–402, Mot. for Enlargement of Time). In support of the motion, Mr. Nicholson explained that the objections were late due to a mistake at his law office. (*Id.* at 400). Mr. Nicholson had recently resigned as a partner at Beckman Lawson LLP and his last day as a partner with Beckman Lawson LLP was Monday, November 30, 2009. (R. at 411, Aff. of R. Nicholson, ¶2). Brenda Winchester, Mr. Nicholson's paralegal, also left Beckman Lawson LLP that same day. (R. at 409, Aff. of B. Winchester, ¶3). On the morning of November 30, 2009, Mr. Nicholson approved the form of the objections and e-mailed Ms. Winchester, requesting that she file the objections. (R. at 411, Aff. of R. Nicholson, ¶8). On December 1, 2009, Ms. Winchester informed Mr. Nicholson that the objections had not

yet been filed. (R. at 409, Aff. of B. Winchester, ¶6). Mr. Nicholson immediately took action to have them filed. (R. at 411, Aff. of R. Nicholson, ¶10).

On December 22, 2009, a hearing was held on the motions to approve compromises with, and distributions to, the Shoaff Group[2]; the objections filed by Simon and JAS; and Simon and JAS's motion to extend time to file their objections. (R. at 430, Order of Dec. 23, 2009). The notice of the hearing indicated that no evidence would be heard at the hearing. (R. at 417–18, Notice of Hearing).

At the hearing, the bankruptcy court reviewed the facts relevant to the determination of whether to grant Simon and JAS's motion for an enlargement of time. First, the bankruptcy court stated that the enforcement of deadlines is important because it helps to focus one's attention and promote finality, two laudable goals. (R. at 449, Hr'g Tr. *In re Fort Wayne Telsat*, No. 05-12177 (Bankr. N.D. Ind. Dec. 22, 2009)). Second, the court noted that internal office upheavals are assigned little weight as an excuse for neglect. (*Id*.). Third, the court explained that Simon and JAS's counsel had twenty days notice and should not have waited until the last minute to file the objections, "particularly when the last minute to do things happens to be the date that [counsel was] planning on moving [his law office]." (*Id*. at 450–51). Moreover, the bankruptcy court mentioned that counsel was told by the court, on the morning the objections were due, to ensure that the objections were filed on time. (*Id*. at 451). Consequently, the bankruptcy court denied Simon and JAS's motion in an order issued the day after the hearing. (R. at 430, Order, Dec. 23, 2009). Then, because Simon and JAS's objections were not timely filed, the bankruptcy judge overruled them. (R. at 448, Hr'g Tr.).

---

[2] The notice of the hearing, the appellee's joint brief, and the December 23 Order of the bankruptcy court state that this hearing took place on December 22, 2009, although the transcript states that the date was December 12, 2009. *See* DE 7, Joint Br. of Appellees at 3; R. at 430, Order.

In the December 23, 2009, Order, the bankruptcy court also granted the Trustee's applications to approve compromises with, and distributions to, the Shoaff Group. (R. at 430, Order, Dec. 23, 2009). The bankruptcy court explained that the motions were "on their face appropriate, getting money out of the Estate to the other entities that have an interest in it." (R. at 448, Hr'g Tr.). The court also noted that the Trustee's motion "was very straight forward." (*Id*. at 451).

Simon and JAS appeal this Order of the bankruptcy court. Simon, JAS, the Trustee, and the Shoaff Group concede that this Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a).

**B.     Issues for Appeal**

Simon and JAS appeal the December 23, 2009 Order of the bankruptcy court. First, Simon and JAS appeal the denial of the motion to extend time. (DE 5, Br. of Appellants at 6). Simon and JAS contend that the bankruptcy court erred in failing to conduct an evidentiary hearing on this motion. (*Id.* at 7–9). Alternatively, even if an evidentiary hearing is not required, Simon and JAS argue that the bankruptcy court abused its discretion in denying the motion for enlargement of time on the basis of the facts already before the court. (*Id*. at 6, 9–16). Second, Simon and JAS appeal the bankruptcy court's Order granting the motions to approve compromises with, and distributions to, the Shoaff Group, alleging that the bankruptcy court failed to undertake any evaluation of whether the compromises were in the best interests of the bankruptcy estate. (*Id*. at 16–18).

In turn, the Trustee and the Shoaff Group argue that an evidentiary hearing is permissible, but not required. (DE 7, Br. of Appellees at 6). They also assert that the bankruptcy court did not

abuse its discretion when denying the motion for an enlargement of time. (*Id*. at 7–9). Finally, the Trustee and the Shoaff Group contend that the bankruptcy court properly approved the Trustee's settlement motions after reviewing the motions and determining that they were appropriate. (*Id*. at 9–11).

**C.     Order Denying the Motion for Enlargement of Time to File Objections**

Simon and JAS sought an order of the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) enlarging the time to file their objections to the Trustee's applications to approve compromises and motions to approve distributions.[3] (R. at 399, Mot. for Enlargement of Time, ¶7). When a motion for an enlargement of time is made after the specified period of time has elapsed, Rule 9006(b)(1) permits the bankruptcy court, in its discretion, to grant an enlargement of time "where the failure to act was the result of excusable neglect."

The Supreme Court addressed the meaning of "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). To determine whether a party's actions constitute "excusable neglect," the bankruptcy court must conduct a two-step test. *See id*. at 391–92, 395 (explaining that Federal Rule of Bankruptcy Procedure 9006(b) requires that the movant's actions constitute "neglect" and such neglect is "excusable"); *see also In re National Steel Corp*., 316 B.R. 510, 515 (Bankr. N.D. Ill. 2004) (describing *Pioneer*'s two-part test). First, the bankruptcy court must determine whether the movant has

---

[3] Rule 9006 of the Federal Rules of Bankruptcy Procedure provides the following:
   (b) Enlargement
      (1) In General.  Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specific period by these rules or by a notice given there under by Order of the Court, the Court for cause shown may at any time in its discretion:  (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or extended by previous order, or (2) *on motion made after the expiration specified period permit the act to be done where the a failure to act was the result of excusable neglect.*
Fed. R. Bankr. P. 9006 (emphasis added).

established that its actions constitute neglect. *Pioneer*, 507 U.S. at 391–92. The *Pioneer* Court defined neglect as "inadvertence, mistake, or carelessness." *Id.* at 388.

Second, the bankruptcy court must determine whether the neglect was "excusable." *Id.* at 395. Circumstances to be considered when determining whether neglect was excusable include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The Court explained that the determination of the "sorts of neglect that will be considered 'excusable' . . . is at the bottom an equitable one." *Id.*

This Court reviews the bankruptcy court's denial of the motion for an enlargement of time for an abuse of discretion. *In re K-Mart Corp.*, 381 F.3d 709, 712 (7th Cir. 2004) (citing *In re Singson*, 41 F.3d 316, 320 (7th Cir. 1994)). In general, "a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *Id.* at 713 (citing *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004)). The district court must also give "due regard . . . to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr. P. 8013.

**(1)** *Failure to Hold an Evidentiary Hearing*

Simon and JAS first assert that the bankruptcy court abused its discretion by failing to hold an evidentiary hearing to determine the issues outlined by the Supreme Court in *Pioneer*. (DE 5, Br. of Appellants at 7). Simon and JAS contend that "[n]umerous courts have determined that an evidentiary hearing is appropriate to determine issues of whether an enlargement of time

should be granted under Bankruptcy Rule 9006." (*Id.*) The cases that Simon and JAS cite, however, simply conclude that evidentiary hearings are permissible in certain situations; they do not stand for the proposition that evidentiary hearings are mandatory.

For example, Simon and JAS cite to *In re National Spa and Pool Institute*, 257 B.R. 784 (Bankr. E.D. Va. 2001), where the court concluded that it needed an evidentiary hearing before deciding whether the party's actions constitute "excusable neglect." (*See* Br. of Appellants at 8; *see also In re Nat'l Spa*, 257 B.R. at 789 ("It is necessary to hold an evidentiary hearing to permit the record to be fully developed.")). In that case, a 17-year-old boy, who was severely injured when diving into a private pool, attempted to file a claim against National Spa and Pool Institute. *In re Nat'l Spa*, 257 B.R. at 786. National Spa and Pool Institute was in bankruptcy and the deadline for filing proofs of claim had expired before the plaintiff filed his claim. *Id.* The bankruptcy court held that it needed to hold an evidentiary hearing because it lacked sufficient information to determine the issue of prejudice to the debtor—more specifically, whether National Spa had enough funds available to pay a late proof of claim within the confines of its Chapter 11 reorganization plan. *Id.* at 788–89.

*In re National Spa* is factually distinct, however, from this case. In this case, the bankruptcy court had a firm understanding of the reasons for Simon and JAS's delay. Simon and JAS's counsel had submitted two affidavits and a brief explaining the circumstances surrounding the delay. (R. 399–416). From these facts, the bankruptcy court could adequately determine whether the delay was within Simon and JAS's reasonable control and whether Simon and JAS acted in good faith. As noted by Simon and JAS, the issue of prejudice to the debtor was not an issue in this case because the disagreement was between creditors. (*See* DE 5, Br. of Appellants at 9). Additionally, Simon and JAS never requested an evidentiary hearing and have not

identified any new facts that would have been offered at an evidentiary hearing. (*See* R. at 438, Hr'g Tr. *In re Fort Wayne Telsat*, No. 05-12177 (Bankr. N.D. Ind. Dec. 22, 2009) (noting that at the hearing to determine whether to grant the motion for an enlargement of time, Mr. Nicholson stated "I don't know what more we can say again. It was in our motion")). Thus, this Court concludes that it was not an abuse of discretion for the bankruptcy court to forgo an evidentiary hearing on the *Pioneer* issues.

**(2)**     *Denial of the Motion for Enlargement of Time to File Objections*

Alternatively, Simon and JAS argue that even if the court were not required to conduct an evidentiary hearing, the bankruptcy court abused its discretion in denying the motion for an enlargement of time because the belated objections were the result of "excusable neglect." (DE 5, Br. of Appellants at 9).

Although Mr. Nicholson's failure to timely file the objections constitutes neglect, the bankruptcy court did not abuse its discretion in determining that the neglect was not excusable. At the hearing, the bankruptcy judge explicitly assessed the *Pioneer* factors when determining whether to grant Simon and JAS's motion for an enlargement of time. (*See* R. at 450, Hr'g Tr.). The bankruptcy judge determined that the reason for the delay—the busyness of moving a law practice—was accorded "little weight" in evaluating excusable neglect. (R. at 449, Hr'g Tr.). Moreover, Simon and JAS concede that the delay was within their control. (DE 5, Br. of Appellants at 11 ("[T]here is no question that the cause of the delay was in the control of counsel for Simon and JAS.")).

Simon and JAS state that the length of delay was negligible because the objections were filed merely one day after they were due. (*Id*. at 10). However, the bankruptcy court properly

9

addressed this contention, explaining that the enforcement of deadlines is important to promoting the finality of judgments. (*See* R. at 449, Hr'g Tr.) (addressing the importance of upholding deadlines); *see also Taylor v. Freeland*, 503 U.S. 638, 644 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.")).

Finally, Simon and JAS contend that "there is no dispute . . . that Simon and JAS Partners acted in good faith." (DE 5, Br. of Appellants at 10). While they may not have intended to miss the deadline, this factor does not merit overturning the bankruptcy court's decision. As noted by the bankruptcy court, Simon and JAS were on notice that the objections were due on November 30, 2009, and the move to a new law office was planned in advance. (R. at 450, Hr'g Tr.). This Court's decision is further influenced by the fact that Simon and JAS were informed by the bankruptcy court, on the day the objections were due, that the objections had not yet been filed. (*Id*. at 451). Despite this reminder by the court, counsel missed the deadline. For the foregoing reasons, this Court finds that the bankruptcy court properly exercised its discretion in denying the motion for an enlargement of time.

**D.**     **Grant of the Motions to Approve Compromises and Distributions**

Simon and JAS also contend that the bankruptcy court abused its discretion in approving the compromises with, and distributions to, the Shoaff Group. (DE 5, Br. of Appellants at 16). This Court reviews the bankruptcy court's approval of the settlement for an abuse of discretion. *In re Doctors Hosp. of Hyde Park, Inc*., 474 F.3d 421, 426 (7th Cir. 2007) (citing *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994)). If the bankruptcy court's order "demonstrates a command of the case, [this Court] will not engage in second-guessing." *Id*. (citing *In re Am. Reserve Corp*., 841 F.2d 159, 162 (7th Cir. 1987)). The Court reviews the

bankruptcy court's factual findings for clear error. *Id*. (citing Fed. R. Bankr. P. 8013; *In re Crosswhite*, 148 F.3d 879, 991 (7th Cir. 1998)). The legal conclusions receive *de novo* review. *Id*.

Federal Rule of Bankruptcy Procedure 9019(a) allows a bankruptcy court, on motion by the Trustee and after notice and a hearing, to approve a settlement or compromise. The Seventh Circuit has stated that before approving a settlement or compromise, the bankruptcy court must first determine that the settlement or compromise is in the "best interests of the estate." *In re Doctors Hosp.*, 474 F.3d at 426 (citing *In re Energy Co-op*, 886 F.2d 921, 927 (7th Cir. 1989)).

In order to determine what is in the "best interests of the estate," the court considers "the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id*. (quoting *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). The bankruptcy court must apprise itself of all the facts and "make an 'informed and independent judgment' about the settlement." *In re Am. Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424, 434 (1968)). The bankruptcy court cannot "simply accept the trustee's word that the settlement is reasonable." *Id*. Nonetheless, the bankruptcy court need not make an independent investigation of facts. *See Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994) ("[T]he bankruptcy court was not obligated to conduct an evidentiary hearing as a prerequisite to approving the compromise.").

This Court finds that the bankruptcy court did not abuse its discretion in approving the compromises and distributions. The bankruptcy court explained, albeit briefly, that the Trustee's motions were "appropriate." The motions, as noted by the bankruptcy judge, were not

complicated and did not require a detailed review. (R. at 451–52, Hr'g Tr. *In re Fort Wayne Telsat*, No. 05-12177 (Bankr. N.D. Ind. Dec. 22, 2009)). The judge explained:

> the Trustee's motion itself is not terribly complicated. It was . . . It was straight forward. This is exactly what we want to do. This is why we want to do it. There's not a lot of ambiguity about how the -- either the what or the why. So, it's not the kind of thing that should require a lot of error or a lot of time to consider or deliberate between the various alternatives that were available.

(*Id*.). The simplicity of the motions likely explains why the bankruptcy court did not go to great lengths to explain its analysis of the settlement. Additionally, no objections to the proposed compromises and distributions were timely filed, so there were no specific objections for the bankruptcy court to consider.

This Court finds that the bankruptcy court was within its discretion to deny Simon and JAS's motion for an enlargement of time to file their objections. Similarly, this Court does not find that the bankruptcy court abused its discretion in granting the motions to approve compromises with, and distributions to, the Shoaff Group.

**E. Conclusion**

Finding no abuse of discretion, this Court affirms the bankruptcy court's December 23, 2009, Order.

Dated: December 21, 2010.

                                                                   S/ Joseph S. Van Bokkelen
                                                                   JOSEPH S. VAN BOKKELEN
                                                                   UNITED STATES DISTRICT JUDGE